**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60251
Summary Calendar

_____

ROBERT L. WHITT,

Plaintiff-Appellant,

versus

KAREN MOOREHEAD, Mail Supervisor at
Delta Correctional Facility; RANDY POWELL, Officer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:01-CV-155-P-D
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Robert L. Whitt, Mississippi state prisoner # 38894, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal, following the district court's order granting the defendants' motion for summary judgment and dismissing Whitt's 42 U.S.C. § 1983 civil rights action. By moving for IFP status, Whitt is challenging the district court's certification that IFP status should not be granted on appeal because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We ordinarily require a district court to state its reasons for certifying that the appeal is not taken in good faith. See id.  Here the reasons are apparent from the record and a remand for their formal statement by the district court would be a pointless exercise.

Whitt has failed to challenge specifically the district court's finding that his appeal was not taken in good faith and was legally frivolous.  Although this court liberally construes pro se briefs, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court requires arguments to be briefed in order to be preserved.  Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).  Because Whitt has failed to address the only appealable issue, the district court's certification of the appeal as frivolous, he has abandoned the issue on appeal.  See id.

Whitt's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.  The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Whitt therefore has two "strikes" under § 1915(g), including the one imposed by the district court.  Whitt is warned that if he accumulates three "strikes" pursuant to § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; STRIKE WARNING ISSUED.